**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 19, 2005[*]
Decided March 6, 2006

**Before**

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

No. 04-4234

| | |
|---|---|
| RUFUS WEST, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 03-C-17 |
| DAVID HAUTAMAKI et al., *Defendants-Appellees.* | Rudolph T. Randa, *Chief Judge.* |

**O R D E R**

Inmate Rufus West filed a civil rights complaint under 42 U.S.C. § 1983 against employees of the Wisconsin Department of Corrections. West, who is incarcerated at Waupun Correctional Institution ("WCI"), claimed violations of due process, equal protection, and the Eighth Amendment, as well as retaliation for filing inmate grievances, but the district court granted summary judgment for the defendants and denied West's motion to reconsider under Federal Rule of Civil Procedure 59(e). We affirm.

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

West's claims relate to two separate incidents. The first incident, which occurred while West was being transported in a Milwaukee County Sheriff's Department van, resulted in a conduct report charging him with disobeying an officer and disruptive conduct. A prison adjustment committee found him guilty based on a conduct report, West's written statement, and a Deputy Sheriff's written statement. Warden McCaughtry affirmed the decision and dismissed West's administrative appeal. West, though, filed a writ of certiorari in the Circuit Court for Dodge County and the court reversed the adjustment committee's decision. The court found that officials violated West's right to due process by failing to provide him with a copy of the Deputy Sheriff's written statement. Though the court ordered West's good-time credits be restored and the charge expunged from his prison record, he spent 186 days in disciplinary segregation while his case was considered.

The second incident involved West's use of the prison mail system to circulate a petition. In 1997 he received a conduct report charging him with soliciting signatures for a "support list," as prison officials characterized it. West argued that he circulated a "group petition," which was allowed under prison administrative regulations, *see* Wis. Admin. Code DOC § 303.20, relating to a court case he filed against Warden McCaughtry. An adjustment committee, after finding the reporting officers credible and West not credible, determined West to be guilty. McCaughtry affirmed the decision and dismissed West's administrative appeal. Again West filed a writ of certiorari in the Circuit Court for Dodge County and, based on a stipulation by McCaughtry, the court ordered that the adjustment committee's decision be expunged. West's good-time credits were restored, but he spent six days in disciplinary segregation as a result of the incident.

Though both charges were expunged from West's prison record and his good-time credits were restored, he brought this § 1983 action in federal court seeking monetary damages for violations of his constitutional rights. With regard to the first incident he alleged—based primarily on the 186 days he spent in disciplinary segregation—that corrections officials violated his rights to due process, to equal protection, and to be free from cruel and unusual punishment. As to the second incident, he alleged that officials confiscated and destroyed his legal mail in retaliation for filing inmate grievances and a suit against Warden McCaughtry.

The district court granted summary judgment for the defendants. Regarding the first incident, the court found that a due process violation did not occur because Wisconsin's procedure for appealing prison disciplinary decisions cured any potential violation and because disciplinary segregation does not implicate a liberty interest. Next, the court found that West's unsworn statement that he was treated differently from other inmates was insufficient to sustain an equal protection claim.

Finally, the court found that the conditions of his disciplinary segregation did not violate the Eighth Amendment.

The court next considered West's claim that prison officials violated his Fourteenth Amendment right to meaningfully access the courts by confiscating his petition. The court found that he could not show that his grievances or suit against Warden McCaughtry motivated the prison officials' decision to confiscate his petition, and therefore denied his retaliation claim.

We review a district court's grant of summary judgment de novo, *see Thornton v. Snyder*, 428 F.3d 690, 693 (7th Cir. 2005), and denial of a motion under Rule 59(e) for abuse of discretion, *Neal v. Newspaper Holdings, Inc.*, 349 F.3d 363, 368 (7th Cir. 2003). West's Rule 59(e) motion, though, did not point to any "newly discovered evidence or to a manifest error of law or fact," and thus the district court did not abuse its discretion by denying it. *Id.* We will therefore turn to his arguments regarding the court's grant of summary judgment.

We first address West's arguments regarding the incident involving the van. Here, West suggests that Wisconsin's certiorari procedure was inadequate, and therefore a violation of his right to due process, because it did not provide for monetary compensation. But we have held that Wisconsin's post-deprivation remedies for prisoners, which allow for judicial review of prison administrative proceedings, are adequate and that money damages may be sought in a state tort action. *See Hamlin v. Vaudenberg*, 95 F.3d 580, 585 (7th Cir. 1996). West therefore cannot argue that Wisconsin's procedure is inadequate simply because the state's writ of certiorari did not provide the monetary damages available in a tort action.

West also argues that the district court erred when it determined the conditions of his disciplinary segregation did not rise to the level of an Eighth Amendment violation. He suggests that the court wrongly focused on the fact that segregation restricts an inmate's recreation time. Specifically, he asserts that during the first six days of his segregation (which was spent in adjustment segregation) he was allowed out of his cell only to shower and could not receive publications or make phone calls. During the remaining 180 days (spent in program segregation) he was allowed only one hour of recreation a week. West, though he generally suggests that the lack of recreation caused his health to suffer, has not shown that the conditions of his confinement deprived him of the "'minimal civilized measure of life's necessities,'" such as adequate food, clothing, shelter, medical care, or safety. *Higgason v. Farley*, 83 F.3d 807, 809 (7th Cir. 1996) (per curiam) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347(1981)). His strongest claim is that lack of exercise may violate the Eighth Amendment "in extreme and prolonged situations where movement is denied to the point that the inmate's health is threatened," *see Antonelli v. Sheahan*, 81 F.3d 1422, 1432 (7th Cir. 1996),

but limiting him to one hour of recreation a week was not cruel and unusual, particularly in light of the behavior that led to his segregation (though the charge was later set aside), *see Pearson v. Ramos*, 237 F.3d 881, 885 (7th Cir. 2001).

Next, we consider West's arguments regarding the incident involving the petition. He first suggests that the district court erred by refusing to hold an evidentiary hearing to determine when prison officials destroyed the petition. An evidentiary hearing is required if there are "material factual disputes." *Wozniak v. Conry*, 236 F.3d 888, 890 (7th Cir. 2001). The only dispute here is whether prison officials destroyed the petition before or after the state court ordered the expungement of the adjustment committee's decision against West. But the precise time that officials destroyed the petition is immaterial. For purposes of his retaliation claim it is enough that the parties agree that the petition was confiscated after West filed unspecified grievances and a suit against Warden McCaughtry. Thus the district court did not abuse its discretion by refusing to hold an evidentiary hearing.

Finally, we turn to whether the district court properly granted summary judgment on West's retaliation claim. He raises several issues, but his principal argument is that the district court erred by placing the burden on him to show that his past grievances and litigation motivated the confiscation of his petition. *See Lekas v. Briley*, 405 F.3d 602, 614-15 (7th Cir. 2005); *Babcock v. White*, 102 F.3d 267, 275 (7th Cir. 1996). He suggests that his filings, followed by the confiscation of his petition, represent a chronology of events that are sufficient to show a retaliatory motive, *see Cain v. Lane,* 857 F.2d 1139, 1143 n.6 (7th Cir. 1988) ("retaliation may plausibly be inferred" from "chronology of events"). As the district court pointed out, though, West's long history of filings without any adverse action by prison officials weakened his chronology. He also failed to support the chronology by pointing to any record evidence that his grievances were a "substantial or motivating factor" in the confiscation of his petition. *See Brookins v. Kolb*, 990 F.2d 308, 315 (7th Cir. 1993). Thus, he has failed to meet his burden of showing a retaliatory motive and the district court properly granted summary judgment on the claim.

AFFIRMED.